# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201700076

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## DANIEL ACOSTA
Aviation Boatswain's Mate (Handling) Airman (E-3), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Robert P. Monahan, Jr., JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic,
Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander Irve C.
Lemoyne, JAGC, USN.
For Appellant: Captain James S. Kresge, USMCR.
For Appellee: Lieutenant George R. Lewis, JAGC, USN.

———————————————

Decided 31 October 2017

———————————————

Before GLASER-ALLEN, MARKS, AND WOODARD, *Appellate Military
Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

———————————————

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the
appellant, pursuant to his plea, of assault consummated by battery in
violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C.
§ 928 (2012). The military judge sentenced the appellant to forfeiture of all
pay and allowances and a bad-conduct discharge. The convening authority

(CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered the sentence executed.

In his sole assignment of error the appellant contends that his sentence to a bad-conduct discharge is inappropriately severe considering his prior service and the lack of noticeable physical injuries to the victim.[1] After careful consideration of the record of trial and the pleadings of both parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant was stationed aboard USS GERALD R. FORD (CVN 78) in Newport News, Virginia, where he met Aviation Boatswain's Mate (Handling) Airman Apprentice (ABHAA) SL. The two worked in the same section on the ship, lived in the same barracks and began a romantic relationship around April 2015. Shortly thereafter, in July 2015, the appellant suspected ABHAA SL of cheating on him. He subsequently ended the relationship while ABHAA SL was on leave in California.

When she returned from leave on 6 July 2015, ABHAA SL went to the appellant's barracks room to discuss their relationship. The appellant asked to look at her phone, refused to give it back at her request after she handed it to him, and took her keys from her. They began to argue, and decided to walk over to ABHAA SL's barracks room to continue their discussion. When they arrived, ABHAA SL's roommate was present, so they went into ABHAA SL's bathroom for privacy to continue their argument. The appellant locked the door behind them and proceeded to forcefully drag ABHAA SL to the floor.

The appellant held ABHAA SL on the bathroom floor, seeking an admission of infidelity from her. Despite her pleas and attempts to leave, the appellant refused to let her go, while also recording the incident on her phone. After approximately 25 minutes, the appellant let go of ABHAA SL and allowed her to leave. The appellant kept ABHAA SL's phone and keys, and returned them later only after another Sailor intervened.

## II. DISCUSSION

### A. Sentence appropriateness

The appellant asserts that a bad-conduct discharge is inappropriately severe considering the lack of noticeable physical injury to the victim, his prior good service, and his potential for future service. We disagree.

---

[1] This AOE is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We review sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion for determining appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant attempts to reconcile his actions by noting the assault involved "an emotionally charged situation," and ABHAA SL "did not have any noticeable physical injuries, so it is appropriate to categorize this altercation as minor."[2] While the appellant's service record and future potential service are relevant in considering an appropriate punishment in an Article 128, UCMJ, guilty plea, ABHAA SL did note "'[a]bdominal and neck soreness'" and "perineal micro-lacerations."[3] In aggravation, the military judge allowed additional evidence through the victim's statement. She noted that the appellant also "digitally penetrated [the victim] against [her] repeated and loud objections[.]"[4] Even if there were no physical injuries, the appellant's conduct and its lasting impact on his victim is not minor. As a result of the appellant's actions, ABHAA SL experienced extensive emotional harm, including trouble sleeping, hesitation in trusting fellow Sailors—especially men, a personality change from "bubbly and open to reserved and hesitant," and newfound uncertainty about continuing her naval service.[5]

Considering the nature and seriousness of the appellant's misconduct, the emotional harm it caused the victim, the appellant's otherwise honorable service, and the evidence submitted in extenuation and mitigation, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96;

---

[2] Appellant's Brief of 7 Jun 2017 at 5.

[3] Appellee's Brief of 5 Jul 2017 at 5 (citing Prosecution Exhibit 4 at 3, 8) (alteration in original).

[4] Record at 71. This information was admitted in sentencing through the victim impact statement and was considered part and parcel of the offense, though the military judge noted "the court will only punish the accused for the assault consummated by a battery offense to which he has been convicted." *Id*. at 73-74.

[5] *Id*. at 71-73.

*Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

**B. Incorrect court-martial order (CMO)**

CMO 11-17 of 23 February 2017 incorrectly stated that the appellant pled not guilty to the Article 128, UCMJ, charge. The CA attempted to correct this error in a supplemental CMO 11A-17, of 9 March 2017. However, as noted in our 20 March 2017 order, the supplemental CMO was moot since the CA no longer had authority to act on the case. The appellant does not assert, and we do not find, prejudice resulting from this error. Nevertheless, the appellant is entitled to official records that correctly reflect the results of his proceedings. *United States v. Crumpley,* 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, we order corrective action in our decretal paragraph.

### III. CONCLUSION

The findings of guilty and the sentence as approved by the CA are affirmed. The supplemental CMO shall correctly reflect that the appellant pled guilty to Charge II and its sole specification.

For the Court

R. H. TROIDL
Clerk of Court